**Commonwealth v. Hanson**

*William F. Morgan,* District Attorney, for Commonwealth.

*Bernard J. Hessley,* for defendant.

WOLFE, P. J., June 25, 1973.—Following defendant's conviction in the magistrate court for violation of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1002, as amended, 1002(a), a summary offense, the court sustained the conviction on appeal after hearing de novo. Defendant has now filed a motion in arrest of judgment and exceptions to the decision of the court.

The Act of June 15, 1951, P. L. 585, 19 PS §871, providing for a motion in arrest of judgment does not encompass summary offenses and is applicable only in criminal prosecutions as provided by section 1: Commonwealth v. Smith, 10 Chester 233 (1960); Commonwealth v. Perley, 10 Chester 394 (1963).

"Hereafter, in all criminal prosecutions in this Commonwealth in which the jury shall have rendered a verdict against the defendant, the defendant may, in addition to making a motion in arrest of judgment on the grounds that there is error appearing on the face of the record, may make a motion in arrest of judgment on the grounds that the evidence was insufficient to sustain the charge, and if the court, after consideration of the entire record, shall decide that there is not sufficient evidence to sustain the conviction, it shall forthwith discharge the defendant and dismiss the case."

It is now well established that a motion in arrest of judgment is directed at the defects in the record; and when defendant questions the sufficiency of the evidence to support the verdict, the motion cannot be entertained but should be a motion for new trial: 6A Standard Pa. Pract., §133, 185.

A summary proceeding has never been considered

tantamount to a criminal prosecution but rather a petty offense falling into a lesser crime category than misdemeanors and felonies. Summary offenses are commenced by information or complaint and, more recently, by citations especially under The Vehicle Code and are not indictable offenses such as the misdemeanor and felony offenses. No right to jury trial historically or constitutionally was afforded an accused for a summary offense except in specific statutory offenses triable before a justice of the peace by a panel of six jurors. See Procedure Before Committing Magistrates in Pennsylvania, 2d ed.[1]

The Vehicle Code, section 1205, 75 PS §1205, permits in a summary proceeding, the right of appeal and trial before a judge of the Court of Quarter Sessions but with no right to a jury trial nor by way of indictment: Commonwealth v. Milliren, 10 D. & C. 393 (1927).

Consequently, we hold there is no right in defendant for this procedure nor any authority in the court to entertain the motion, and make the following:

## ORDER

And now, to wit, this June 25, 1973, the motion of defendant for arrest of judgment is denied and defendant is ordered to appear before the court for sentence on June 29, 1973.

Exceptions to defendant.

---

[1] By M. A. Carringer of the Forest County Bar, published by Geo. T. Bisel Co., page 14, stating the authority for these trials is found in the Act of 1861, P. L. 682, Supplements and Amendments. The acts are obsolete; however, they have not been repealed.

Under the act, the criminal offense as specified can be tried before the justices of the peace and jury of six in final dispositions made of the charge. This act applies only to the specified counties therein, which includes Warren County, and applies only to misdemeanors coming within its scope.